**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:  DCNC NORTH CAROLINA I, LLC         :        Chapter 11
       and GOOSE MARSH, LLC                               :
                           Debtor(s)        :        Bky. No. 09-11825ELF
                                          :
                                          :        JOINTLY ADMINISTERED

# O R D E R

**AND NOW**, upon consideration of the Debtors' Motion for Order Requiring Wachovia Bank to Produce any and all Information, Documentary or Otherwise, Relating to the Charging Off of Certain Loan Amounts and What the Effect of Same Has Respective to Wachovia's Claim that it is Undersecured, ("the Motion") and Wachovia Bank's response thereto, and after a hearing,

It is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1] As I stated at the hearing, functionally speaking, the Motion is a request to reconsider a ruling I made at the end of the hearing on Wachovia's Motion for Relief from Stay, i.e., my denial of the Debtors' request to keep the record open to further develop the record regarding the consequences, if any, of Wachovia's "charge-off" of a portion of secured debt at issue. A federal court has the inherent power to reconsider interlocutory orders in the interest of justice. Vintage Grapevine. Inc. v. Mara, 2001 WL 940422, *1 (E.D. Pa. Aug. 6, 2001) (citations omitted). The decision "is entrusted to the sound discretion of the Court." In re Jamuna Real Estate, LLC, 392 B.R. 149, 157 (Bankr. E.D. Pa. 2008).

While the analogy is not exact, because no ruling on the merits of Wachovia's Motion for Relief from Stay has been issued, the Debtors' motion is akin to a request for relief under Fed. R. Civ. P. 59(e) based on newly discovered evidence, which is one of the three grounds on which a Rule 59(e) motion may be granted. See In re Reading Broadcasting, Inc., 386 B.R. 562, 567 (Bankr. E.D. Pa. 2008).

> Newly discovered evidence refers to evidence that: (1) is material and not merely cumulative; (2) was not discoverable before trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial. The movant bears a "heavy burden," which requires "more than a showing of the potential significance of the new evidence." Relief should only be granted when extraordinary justifying circumstances are present.

Id. (citations omitted).

Date: June 11, 2009

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

      In the circumstances presented here, I am not convinced that the Debtors have met their "heavy burden" with respect to second and third requirements stated above so as to justify reopening a record of a completed hearing. Therefore, I will not exercise my discretion to reconsider my prior ruling.